# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs October 22, 2012

## JAMES BOSTIC v. STATE OF TENNESSEE

**Appeal from the Claims Commission of the State of Tennessee**
**No. T20110727      William O. Shults, Commissioner**

_____

**No. E2011-02590-COA-R3-CV - Filed January 2, 2013**

_____

James Bostic ("the Claimant"), an inmate in the custody of the Department of Correction, filed a claim against the State of Tennessee and others[1] seeking money damages. The claim against the State was transferred from the Division of Claims Administration to the Claims Commission pursuant to the provisions of Tenn. Code Ann. § 9-8-402(c)(2012). The State filed (1) a motion to dismiss raising several defenses and (2) the affidavit of Brenda Boatman. Based upon the affidavit, the Claims Commission granted the State summary judgment and dismissed the Claimant's claim. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Claims Commission Affirmed**

CHARLES D. SUSANO, JR., P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

James Bostic, Mountain City, Tennessee, appellant, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; William E. Young, Solicitor General; and Stephanie A. Bergmeyer, Assistant Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee.

**OPINION**

_____

[1]The only claim before us is the one against the State.

I.

The factual predicate underlying the claim against the State is described in the Claimant's brief as follows:

> On July 10, 2009[,] the Davidson County, Criminal Court, State Judge, the Honorable, Randall Wyatt [o]rdered [d]ecided [sic] to [r]elease [the Claimant] from the County/State's [c]ustody and [o]rdered State and Mental Health Officials to find [the Claimant] a place to [l]ive so that this [r]elease could be completed [b]ut the [o]fficials failed to assist [the Claimant] because they knew that if they didn't present a place to the Court of where [the Claimant] would [l]ive that [the Claimant] would be sent to prison (TDOC); . . .

As pertinent to his claim against the State, the Claimant identifies four individuals whom he alleges were complicit in the failure to find him a place to live: Mental Health Coordinator Jeff Blum, Assistant Metro Public Defender Jonathan F. Wing, Social Worker Terri Walker, and Community Correction Case Officer Andreaka[2] Smith. It is clear from all of the Claimant's filings in this case that he is alleging that these four individuals intentionally failed to act because they wanted him to be handed over to the Department of Correction for incarceration rather than being placed in a community corrections program in Davidson County.

The State filed a motion to dismiss pursuant to Tenn. R. Civ. P. 12.02(1), lack of subject matter jurisdiction, and Tenn. R. Civ. P. 12.02(6), failure to state claim upon which relief could be granted. In addition to a memorandum of law, the State exhibited to its motion the affidavit of Brenda Boatman. The State's motion alleged three basic theories of defense: (1) failure to bring suit within the time set forth in Tenn. Code Ann. § 28-3-104(a)(1)(2000)[3]; (2) that the four individuals identified by the Claimant were not employees of the State; and, (3) even if they were employees of the State, the State is immune from liability for the intentional acts of its employees.

---

[2]In some places in the record her first name is spelled Andreka.

[3]Tenn. Code Ann. § 28-3-104(a)(1) provides, in pertinent part, as follows:

> The following actions shall be commenced within one (1) year after the cause of action accrued: . . . [a]ctions . . . for injuries to the person, . . . false imprisonment . . . .

As previously noted, the Claims Commission granted the State summary judgment and dismissed the Claimant's claim. It did so because it determined that the affidavit of Ms. Boatman conclusively demonstrated that the four named individuals were not State employees. The Claimant appeals asserting that the Commission erred in dismissing his claim. This raises an issue of law that we review de novo with no presumption of correctness attaching to the Commission's judgment.

## II.

The affidavit of Ms. Boatman negates Claimant's inferred allegation that the four named individuals are State employees. The affidavit provides, in pertinent part, as follows:

> I am employed by the Tennessee Department of Human Resources as an Administrative Services Assistant 4. In that capacity, I act as the records officer which includes being custodian of personnel and payroll records maintained by the Department of Human Resources.
>
> I have completed a search of the records maintained by my office and have been unable to find a record of any persons employed by the State of Tennessee on June 29, 2009, July 10, 2009, or any other time during 2009, named Jeff Blum, Jonathan F. Wing, Terri Walker, and Andre[a]ka Smith.

(Paragraph numbering in original omitted.) This affidavit establishes that the individuals were not employed by the State of Tennessee. The Claimant failed to submit any admissible evidence contravening Ms. Boatman's admissible evidence. Since the claim is based upon the alleged vicarious liability of the State for these "employees" and since they were not State employees, an essential allegation of the claim is not sustained and the trial court was correct in granting the State summary judgment. *See **Martin v. Norfolk Southern Ry. Co**.*, 271 S.W.3d 76, 83-84 (Tenn. 2008).

## III.

We also find support for the Commission's judgment in the Claimant's assertion that the four individuals acted intentionally, *i.e.*, for the purpose of giving the criminal court a reason not to place Claimant in a community corrections program in Davidson County.

As previously noted, the claim clearly asserts intentional wrongdoing on the part of the four named individuals.[4]  The State is immune from liability for the intentional acts of State employees.  Tenn. Code Ann. § 9-8-307(d) (2012) ("The state will not be liable for willful, malicious, or criminal acts by state employees . . .")  Thus, even if we assume, for the purpose of discussion, that the named individuals or any one of them is a State employee, there is no liability on the State for their intentional acts and the Claimant's claim is subject to dismissal pursuant to the State's motion to dismiss because the facts set forth in the claim do not make out a cause of action against the State.  Tenn. R. Civ. P. 12.02(6).

IV.

While the State's motion to dismiss also relies upon the Statute of Limitations, the record before us does not conclusively show that the alleged misdeeds of the four individuals occurred more than one year prior to the filing of the Claimant's claim.

V.

The judgment of the Claims Commission is affirmed.  Costs on appeal are taxed to the appellant, James Bostic.

_____
CHARLES D. SUSANO, JR., P.J.

---

[4]The claim uses the word "intentionally," when characterizing the "employees' " conduct.